IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELODY RUTH LAUGHLIN AND }
MICHAEL LAUGHLIN, }
 }
    Plaintiffs }    CIVIL ACTION NO.
 }
vs. }    CV-96-AR-2089-S
 }
SAFECO INSURANCE COMPANY, }
 }
    Defendant and Third- )
    Party Plaintiff )
 )
 )
vs. )
 )
 )
TRAVELERS INSURANCE COMPANY, )
 )
    Third-Party Defendant )
    (and former defendant) )

**MEMORANDUM OPINION**

Presently before the court are cross-motions for summary judgment by defendant and third-party plaintiff, Safeco Insurance Company ("Safeco"), and by third-party defendant, Travelers Insurance Company ("Travelers"). Safeco seeks partial summary judgment against its insureds, plaintiffs, Melody Ruth Laughlin and Michael Laughlin ("Laughlin"). Safeco claims that its liability to the Laughlins, if any, is secondary to Travelers' liability to the Laughlins. On this basis Safeco contends that it is obligated to compensate the Laughlins only to the extent that their personal injury claims exceed any amount payable to

1

them by Travelers. Travelers responds by arguing that it is entitled to complete summary judgment against Safeco because the Laughlins cannot recover under the subject Travelers policy for injuries they suffered in the automobile accident at issue.

The case is complicated, to the point of making it almost unworkable, by the fact that the Laughlins dismissed with prejudice their direct action against Travelers. The problem presented by this procedural anomaly will become apparent as the court hereinafter develops its analysis of the coverage questions. The problem basically arises from the conclusion this court reaches, in agreement with Safeco, that Safeco can be liable to the Laughlins only to the extent Travelers is not liable to the Laughlins. The Laughlins have for some undisclosed reason given up their claim against Travelers, something they cannot do to the prejudice of Safeco. By foregoing their claim against Travelers, plaintiffs would have given up their claim against Safeco if Safeco had interposed this fact as a defense.

The court finds that genuine issues of material fact would exist as to plaintiffs' claim against Safeco and as to plaintiffs' former claim against Travelers, inasmuch as some claims relate to exclusionary clauses found in the insurance policies issued both by Safeco and by Travelers, claims that are viable if

certain facts, still in dispute, should exist. Therefore, summary judgment as to said claim and former claim would be inappropriate only because of the conspicuous absence of a claim by the Laughlins against Travelers and Safeco's failure to take advantage of it. Under any circumstance, no genuine issues of material fact exist as to Safeco's excess coverage defense so that summary judgment for Safeco on that issue would be appropriate.

## I. Facts

The Laughlins, a married couple, are suing Safeco to recover benefits allegedly payable under an automobile insurance policy in which they are the insureds. The Laughlins claim that they were injured as a result of a phantom uninsured motorist who caused their vehicle to overturn. Sherman Industries ("Sherman"), Mr. Laughlin's employer, owned the vehicle in which the Laughlins were riding. Sherman maintained liability and uninsured motorist coverage on the vehicle through a policy issued by Travelers. Safeco's policy provides separate liability and uninsured motorist coverage to the Laughlins on their personal vehicle.

Each insurance company's uninsured motorist provision contains the same exclusionary clause. That clause precludes

3

recovery for injuries sustained by any person "<u>using</u> a vehicle <u>without a reasonable belief that that person" has permission to do so</u>.  Safeco Ins. Policy at 6, Safeco Ex. 1; Travelers Ins. Policy, Safeco Ex. 2. (emphasis supplied).  Sherman prohibits non-employees from driving company owned vehicles.  Mrs. Laughlin, a non-employee, was driving the vehicle at the time of the accident.  Mr. Laughlin affirms that he was aware of Sherman's vehicle rule and that he was aware of the Travelers' exclusion.  Laughlin Aff., Travelers Ex. B.  Mr. Laughlin was under the impression that his Safeco policy would apply and would provide uninsured motorist coverage to its insureds while Mrs. Laughlin was driving the company vehicle.  *Id*.

After the Laughlins brought suit against Safeco, Safeco filed a third-party complaint against Travelers.  In its motion for partial summary judgment, Safeco contends that Travelers is the primary insurer and that Safeco is only liable for damages in excess of the Laughlins' recovery from Travelers.  As already pointed out, the Laughlins have purported to retreat from their claim that Travelers provides either or both of them uninsured motorist coverage and thus purport to concede that they can recover nothing from Travelers.

In response to Safeco's motion, Travelers has filed a motion

4

for complete summary judgment as against Safeco's third-party claim.  Travelers asserts that the Laughlins cannot recover on the Travelers' policy, not because the Laughlins have dismissed their action against Travelers, but because Mr. Laughlin did not have a reasonable belief that Mrs. Laughlin had permission to use the Sherman-owned vehicle.  Given Mr. Laughlin's admission to that effect, Safeco responds to Travelers' motion by arguing that the Laughlins are similarly precluded from recovering under its policy.  The Laughlins have not chosen to respond either to Safeco's motion or Travelers' motion for summary judgment.  Safeco's motion does not seek to dispose of all potential liability to the Laughlins by virtue of the Laughlins' release of the alleged primary insurer.

## II. Safeco's Excess Coverage Claim.

Safeco correctly points out that the Laughlins' personal automobile policy contains an "excess coverage" clause.  That clause limits Safeco's liability for any injuries the Laughlins sustain, while in a vehicle they do not own, to the "excess over any other collectible insurance."  Safeco Ins. Policy at 8, Safeco Ex. 1.

The Alabama Supreme Court has specifically upheld the validity of an "excess coverage" clause in the context of unin-

5

sured motorist coverage. *Gaught v. Evans*, 361 So. 2d 1027 (Ala. 1978); *Isler v. Federated Guaranty Mutual Ins. Co.*, 594 So. 2d 37 (Ala. 1992). Interpreting a provision similar, in all pertinent respects, to the one at bar, the Alabama Supreme Court held that "the insured is bound" by the excess coverage clause. *Gault*, 361 So. 2d at 1209. "[T]he insured's first right of recovery is against the insurer of the non-owned automobile." *Id.* Consequently, "secondary coverage may be reached [only] after the exhaustion of primary coverage if the damages exceed the policy limits of the primary coverage." *Gault*, 361 So. 2d at 1030 (reaffirmed in *Isler,* 594 So. 2d at 39).

The plain language of the Safeco policy ("excess over any other collectible insurance") fully supports the conclusion that Safeco's coverage is secondary to Travelers' coverage. Accordingly, partial summary judgment for Safeco is appropriate on its excess coverage defense. Recovery from Safeco might be impossible if Safeco had raised the fact that the Laughlins have dismissed their claim against the primary insurance carrier, Travelers.

### III. Safeco's & Travelers' Exclusionary Clause Defense.
### A. Mrs. Laughlin's Claims.

<u>Both</u> of the uninsured motorist coverage provisions in the

6

policies in question preclude recovery for injuries sustained by any person "using a vehicle without a reasonable belief that that person" has permission to do so. Safeco Ins. Policy at 6, Safeco Ex. 1; Travelers Ins. Policy, Safeco Ex. 2 (emphasis supplied). Safeco has never moved for summary judgment against its insureds based on its exclusionary clause. Instead, it only responded to Travelers' summary judgment motion by arguing that the same exclusionary clause that would preclude recovery against Travelers also prohibits recovery by the Laughlins against Safeco. In other words, Safeco never aims its own exclusionary clause at its insureds, unless obliquely and enigmatically. This procedural deficiency is as bizarre as the Laughlins' dismissal of their action against Travelers. In its motion for summary judgment, Travelers directs the court to Mr. Laughlin's affidavit and to an Alabama case, *Dairyland Ins. Co. v. General Accident Ins. Co.*, 435 So. 2d 1263 (Ala. 1983), in support of its claim that the exclusionary clause in its policy precludes any coverage by Travelers.

Without more evidence, the court is not convinced that, as a matter of law, the exclusionary clause would prohibit Mrs. Laughlin from recovering from Safeco or from Travelers. First, Mr. Laughlin's affidavit solely addresses his knowledge of the Sherman prohibition against non-employee use of company vehicles.

7

Both Safeco and Travelers fail to direct this court to any evidence which suggests that Mrs. Laughlin was aware of the company policy or had any reason to believe she was not authorized to drive the company vehicle. This court cannot assume, simply because the plaintiffs are man and wife, that Mr. Laughlin explained Sherman's rule to his wife or that she had constructive knowledge of it.

In addition, *Dairyland* is not controlling, given the evidence currently before the court. *Dairyland* involved an exclusionary clause identical to the ones involved here. *See id.* at 1264. Unlike the present case, however, the unauthorized driver in *Dairyland* was aware he lacked permission to drive the insured vehicle. *Id.* Therefore, application of the policy exclusion was there justified *Id.* In contrast, the evidence in the current case does not yet support a conclusion that the driver or "user" of the vehicle, Mrs. Laughlin, reasonably believed that she lacked permission to drive the vehicle. Therefore, *Dairyland* does not mandate a finding that summary judgment is appropriate on the exclusionary clause defense, which Travelers need not interpose and upon which Safeco never actually sought summary judgment against its insureds. Is this a strange situation, or what?

8

**2. Mr. Laughlin's Claims.**

The exclusionary clause, as it applies to <u>Mr. Laughlin</u>, presents a more complicated issue because the clause merely precludes recovery by an automobile "<u>user</u>." Therefore, this court must determine, if it can do so, whether Mr. Laughlin was "using" the vehicle at the time of the accident. By undertaking this inquiry, one can easily predict that an anomalous result may develop. Namely, an occupant, who is aware that the driver has no permission to operate the vehicle, may still be able to recover despite the existence of an exclusionary clause. Yet, Travelers' failure to define skillfully the word "use" or "user," coupled with Alabama law, may require just such a result.

Where an insurance policy does not define the term "use," see *Billups v. Alabama Farm Bureau Mutual Casualty Ins. Co.*, 352 So. 2d 1097, 1102 (Ala. 1977), the Alabama Supreme Court has held that the "benefit test" must be applied to determine if the party in question was "using" the vehicle. *Dutton v. State Farm Mutual Auto. Ins. Co.*, 383 So. 2d 519, 521 (Ala. 1980). Under the "benefit test," "use" is defined more broadly than the terms "operate" or "drive." See *id.* at 522 (citing *Samuels v. American Auto Ins. Co.*, 150 F.32 221 (10th Cir. 1945)). Instead, a person "uses" a vehicle when he derives a benefit or advantage from the operation of the vehicle. *Id.* at 521 (noting that a "bailee who

9

allowed a friend to drive her father's automobile was 'using' the car, and she herself benefited by the friend's transporting her to school in the car.'") (citing *Brown v. Kennedy*, 49 N.E.2d 417 (Ohio App. 1942), *aff'd* 48 N.E.2d 857 (1943)); *Samuels*, 150 F.2d at 223 (holding that a vehicle owner's son was not "using" the vehicle when he allowed a friend to drive it and the friend used it solely for his own purposes, not "to serve any purpose, benefit, or advantage of [the son].") (cited with approval by the Alabama Supreme Court in *Dutton*, 383 So. 2d at 522.)

At this juncture, the court is unable to determine whether, at the time of the accident, Mr. Laughlin derived any benefit or advantage from Mrs. Laughlin's "use" of the vehicle. His status as her spouse and as a passenger in the Sherman vehicle does not necessarily resolve the issue. Mr. Laughlin may have simply accompanied Mrs. Laughlin on an errand from which he derived no benefit and instead may have resulted in a tongue lashing from his employer. Consequently, summary judgment is not appropriate on the exclusionary clause defense as it relates to Safeco's claim against Travelers and any "would-be" defense asserted by Safeco against the Laughlins. This situation gets stranger and stranger!

## IV. Conclusion

A court is designed to resolve real controversies and not to answer hypothetical questions. Because Safeco has not sought to obtain a final disposition against the Laughlins in its favor as a proximate consequence of the Laughlins' release of Travelers, this court simply finds that the Laughlins can recover from Safeco only in excess of any insurance proceeds that hypothetically would have been payable by Travelers had Travelers not been released. Safeco's motion for partial summary judgment will be granted. With respect to the exclusionary clause defense, the court finds that genuine issues of material fact exist, making it necessary to deny Travelers' motion for summary judgment.

An appropriate, separate order will be entered. The trial itself should prove interesting, especially watching Safeco try to prove that the exclusionary clause in Travelers' policy (the same language employed by Safeco in its policy) does not get Travelers off the hook, and watching the Laughlins trying to prove, with Travelers' help, no doubt, that they did not make a mistake in letting Travelers off the hook.

DONE this 15th day of January, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE